Pleading and practice; compliance with time for filing amended petition; individual Indian claims; limitation of actions. — On December 7, 1979 and March 28, 1980 the court entered the following orders:
Before Friedman, Chief Judge, Davis and Kashiwa, Judges.
This case comes before the court on a Rule to Show Cause why the petition should not be dismissed for lack of prosecution and on the plaintiffs’ motion to file an untimely application to enlarge the time to file an amended complaint.
This suit was commenced on April 10, 1978, by the filing of a petition pending motion for discovery, pursuant to Rule 36. On May 1, 1978, the trial judge allowed the plaintiffs’ motion for the production of documents, and this production was completed about February 15, 1979. Under Rule 36, the plaintiffs were required to file within 30 days thereafter an amended petition conforming to the rules of the court.
The plaintiffs did not meet that requirement. Instead, on June 11, 1979, and on July 20, 1979, the plaintiffs filed untimely motions for an extension of time to file an amended petition; the trial judge allowed both motions. In granting the second motion, the trial judge extended the time for filing to August 30, 1979, and stated that no further extension would be granted except for extraordinary circumstances.
The plaintiffs did not file such amended petition, and on November 15, 1979, the court issued a Rule to Show Cause why the petition should not be dismissed for failure to prosecute. On November 19, 1979, plaintiffs filed a motion for leave to file another untimely application for additional time to file the amended petition. Plaintiffs there stated that additional discovery "by way of interrogatories and depositions is required before amended complaint can be *498 filed,” that such discovery would be completed by November 30, 1979, and that after completion of discovery an amended complaint would be filed. Plaintiffs, however, did not indicate the date by which the amended complaint would be filed.
Plaintiffs’ disregard of the time limitations specified in our Rules and of the orders of the trial judge directing the filing of an amended petition by a specified date is wholly unjustified. This is particularly so with respect to the last extension the trial judge granted, which informed the plaintiffs that no further extensions beyond August 30,
1979, would be granted except for extraordinary circumstances. The plaintiffs filed nothing prior to that date, and waited more than 2% months before seeking leave to file still another untimely application, which did not even give a definite date for filing the amended petition. The excuses that plaintiffs’ counsel has given in his latest motion for his gross noncompliance with the trial judge’s order — that he is a sole practitioner and has had other important matters that have fully occupied his time — are insufficient. In the normal situation we would be disposed to dismiss the petition for failure to prosecute.
The plaintiffs in this case, however, are Indians, and we have always been especially solicitous of their welfare. In the circumstances we have decided to give plaintiffs one further opportunity.
Accordingly, it is ordered (1) that the Rule to Show Cause be dismissed, and (2) that plaintiffs’ time for filing an amended petition is extended to and including January 10, 1980. No further extensions of the time for filing will be granted. If the plaintiffs have not filed with this court by that date an amended petition conforming to the Rules of this court, the Clerk is instructed to dismiss the petition.
March 28, 1980
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
Plaintiffs brought this suit seeking recovery on individual claims for breach of trust and monies allegedly held for individual Indians by the Treasurer of the United States. The alleged wrong occurred between 1890 and 1900.
Defendant has filed a motion to dismiss the petition due *499 to expiration of the six-year statute of limitations. 28 U.S.C. § 2501 (1976). Defendant also asserts that the Indian Claims Commission Act, 60 Stat. 1049, 25 U.S.C. § 70 et seq. (1976), precludes our consideration of this matter. This assertion is based on 25 U.S.C. § 70k (1976) which provides a five-year period after August 13, 1946, within which such a claim may be brought.
The Indian Claims Commission Act was concerned with tribal claims; as such, it is not applicable here. We do find, however, that plaintiffs’ claims are barred by the six-year statute of limitations provided by 28 U.S.C. § 2501. Therefore, plaintiffs’ claims must be dismissed.
Although plaintiffs have also alleged jurisdiction under 28 U.S.C. § 1505 (1976), the plaintiffs, as individual Indians, are not entitled to bring actions based on such jurisdiction. This section also involves jurisdiction with relation to tribal claims and has no application in matters involving individual Indian claims.
It is therefore ordered that defendant’s motion to dismiss for lack of jurisdiction, submitted without oral argument, is granted based on the six-year statute of limitations provided in 28 U.S.C. § 2501 and the petition is dismissed.